Brian M. Blum, 024243
**BLUM LAW OFFICE, PLC**
8283 N. Hayden Rd., Suite 135
Scottsdale, Arizona 85258
Tel: (480) 292-8423 | Fax: (480) 240-1355
bmb@blumplc.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cox Communications, Inc., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Anselmo Villegas,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT**<br><br>(Violation of The Cable Communications Policy Act; Violation of Electronic Communications Privacy Act; Violation of A.R.S. §13-3709; Unjust Enrichment)<br><br>(Jury Trial Demanded) |

## PARTIES, JURISDICTION AND VENUE

1. Cox Communications, Inc. ("Plaintiff") is a Delaware corporation with its principal place of business in Atlanta, Georgia.

2. Upon information and belief, Anselmo Villegas, aka Sam Villegas ("Defendant") is a married man residing in Maricopa County, Arizona.

3. This Court has jurisdiction under 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

5. Plaintiff realleges the preceding paragraphs.

6. Plaintiff is the owner and operator of a cable television system used for the signal generation, transmission and reception of video programming to subscribers within

the State of Arizona and nationwide.

7. Plaintiff sells "basic," "standard," and "premium" programming packages to subscribers for a monthly fee. Additionally, Plaintiff sells Pay-Per-View programming, a service that enables subscribers to purchase individual movies, sporting events or other entertainment for a per event fee over and above programming package fees.

8. Plaintiff transmits the programming signal from its reception facilities to residential subscribers through a network of cable wiring and equipment (the "System").

9. Plaintiff encodes ("scrambles") the signal for specific programming as a security measure to prevent unauthorized access to programs. Plaintiff provides subscribers with a device (the "Set-top Box") that converts and decodes the signal into a form that subscribers can view on a television set. Plaintiff controls which programs a subscriber can view by remotely programming the Set-top Box to display the programs the subscriber has ordered.

10. Upon information and belief, on or about August 6, 2001, and January 16, 2002, Defendant purchased "pirate" cable television decoding equipment devices (the "Piracy Equipment") from Wholesale Electronics, a manufacturer and distributor of such illegal equipment.

11. Upon information and belief, the Piracy Equipment was mailed to Defendant at his address located at 2525 North 47th Drive, Phoenix, AZ 85035.

12. Plaintiff first discovered that Defendant had purchased the Piracy Equipment in or around June 2006.

13. The Piracy Equipment was designed only for the purpose of circumventing the security functions of Plaintiff's scrambling technology to allow the user to view premium and Pay-Per-View cable television programs without paying the requisite

-2-

subscription fee.

## COUNT ONE

**Violation of The Cable Communications Policy Act, 47 U.S.C. § 553(a)(1)**

14. Plaintiff realleges the preceding paragraphs.

15. Upon information and belief, Defendant violated 47 U.S.C. § 553(a)(1) when he connected the Piracy Equipment to the System in order to intercept or receive or assist in intercepting or receiving the communications service offered over Plaintiff's cable system. Defendant's action was unauthorized by Plaintiff.

16. Plaintiff has suffered injury as a result of Defendant's conduct.

17. Plaintiff has no adequate remedy at law to redress continued violations.

**WHEREFORE**, Plaintiff requests that this Court:

A. Grant a temporary and final injunction to prevent or restrain continued violations of 47 U.S.C. § 553(a)(1) pursuant to 47 U.S.C. § 553(C)(2)(A);

B. Award Plaintiff its actual damages in an amount to be proven at trial pursuant to 47 U.S.C. § 553(C)(3)(A)(i);

C. Award Plaintiff statutory damages in the maximum amount of $10,000 pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

D. Award Plaintiff its attorneys' fees and costs pursuant to 47 U.S.C. § 553(c)(2)(C); and

E. Grant Plaintiff other such relief deemed just and proper.

## COUNT TWO

**Violation of Electronic Communications Privacy Act 18 U.S.C. §§ 2510, *et seq.***

18. Plaintiff realleges the preceding paragraphs.

19. Upon information and belief, Defendant violated 18 U.S.C. §§ 2510 when he

connected the Piracy Equipment to Plaintiff's System with the intent to intercept, or procure another person to intercept or endeavored to intercept a wire, oral, or other electronic communication.

20. Plaintiff has suffered injury as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Court:

A. Pursuant to 18 U.S.C. § 2520(b)(1), permanently enjoin Defendant from purchasing, using, selling, or distributing any equipment which enables him to defraud Plaintiff of part of the fee Plaintiff charges for its services.

B. Award Plaintiff damages pursuant to 18 U.S.C. § 2520(c)(2) in an amount equal to the greater of (1) Actual damages in an amount to be proven at trial, pursuant to 18 U.S.C. § 2520(c)(2); or (2) Statutory damages of whichever is greater of $100 a day for each violation or $10,000;

C. Award Plaintiff its attorneys' fees and costs pursuant to 18 U.S.C. 2520(b)(3);

D. Award Plaintiff punitive damages in an amount to be proven at trial pursuant to 18 U.S.C. § 2520(b)(2); and

E. Grant Plaintiff other such relief deemed just and proper.

## COUNT THREE

### Violation of Ariz. Rev. Stat. § 13-3709

21. Plaintiff realleges the preceding paragraphs.

22. Plaintiff operates a "cable television system" within the meaning of Ariz. Rev. Stat. ("A.R.S.") § 9-505.  The Piracy Equipment is an "unauthorized device" as defined in A.R.S. §13-3709.

23. Upon information and belief, Defendant violated A.R.S. § 13-3709 when he

connected the Piracy Equipment to Plaintiff's System with the intent to defraud Plaintiff of part of the lawful charge for services provided by Plaintiff.

**WHEREFORE** Plaintiff requests that this Court:

 A. Permanently enjoin Defendant from purchasing or using any equipment which enables him to defraud Plaintiff of part of the fee Plaintiff charges for its services;

 B. Award Plaintiff actual damages in an amount to be proven at trial;

 C. Award Plaintiff its attorneys' fees and costs pursuant to A.R.S. § 13-3709(E); and

 D. Award Plaintiff other such relief deemed just and proper.

## COUNT FOUR

### Unjust Enrichment

24. Plaintiff realleges the preceding paragraphs.

25. Upon information and belief, Defendant used Plaintiff's services without paying the proper subscription fee.

26. No remedy at law sufficiently addresses Defendant's unjust enrichment.

**WHEREFORE**, Plaintiff requests that this Court:

 A. Award Plaintiff its actual damages in an amount to be proven at trial;

 B. Award Plaintiff its attorneys' fees and costs; and

 C. Award Plaintiff any other relief deemed just and proper.

DATED: June 24, 2008  **BLUM LAW OFFICE, PLC**

         s/ Brian M. Blum
         Brian M. Blum
         8283 N. Hayden Rd., Ste. 135
         Scottsdale, AZ  85258
         Attorney for Plaintiff

BLUM LAW OFFICE PLC
Scottsdale, Arizona